IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | | |
|---|---|---|---|
| UNITED STATES OF AMERICA | ) | Criminal No.: | |
| | ) | | |
| v. | ) | Filed: | |
| | ) | | |
| YAMATO GLOBAL LOGISTICS JAPAN CO., LTD. | ) | Violation: | 15 U.S.C. § 1 |
| | ) | | |
| Defendant. | ) | | |
| | ) | | |

**FILED**

**JAN 2 5 2013**

Clerk, U.S. District & Bankruptcy
Courts for the District of Columbia

**PLEA AGREEMENT**

The United States of America and Yamato Global Logistics Japan Co., Ltd. ("Defendant"), a corporation organized and existing under the laws of Japan, hereby enter into the following Plea Agreement pursuant to Rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure ("Fed. R. Crim. P."):

**Rights of Defendant**

1. Defendant understands its rights:

    (a) to be represented by an attorney;

    (b) to be charged by Indictment;

    (c) to plead not guilty to any criminal charge brought against it;

    (d) to have a trial by jury, at which it would be presumed not guilty of the charge and the United States would have to prove every essential element of the charged offense beyond a reasonable doubt for it to be found guilty;

    (e) as a corporation organized and existing under the laws of Japan, to decline to accept service of the Summons in this case, and to contest venue and the

1

jurisdiction of the United States to prosecute this case against it in the United States District Court for the District of Columbia;

(f) to confront and cross-examine witnesses against it and to subpoena witnesses in its defense at trial;

(g) to appeal its conviction if it is found guilty; and

(h) to appeal the imposition of sentence against it.

### Agreement to Plead Guilty and Waive Certain Rights

2. Defendant knowingly and voluntarily waives the rights set out in Paragraph 1(b)-(g) above, including all jurisdictional defenses to the prosecution of this case. Defendant also knowingly and voluntarily waives the right to file any appeal, any collateral attack, or any other writ or motion, including but not limited to an appeal under 18 U.S.C. § 3742, that challenges the sentence imposed by the Court if that sentence is consistent with or below the Recommended Sentence in Paragraph 10 of this Plea Agreement, regardless of how the sentence is determined by the Court. This agreement does not affect the rights or obligations of the United States as set forth in 18 U.S.C. §3742(b) and (c). Nothing in this paragraph, however, shall act as a bar to Defendant perfecting any legal remedies it may have on appeal or collateral attack respecting claims of ineffective assistance of counsel or prosecutorial misconduct. Defendant agrees that there is currently no known evidence of ineffective assistance of counsel or prosecutorial misconduct. Pursuant to Fed. R. Crim. P. 7(b), Defendant will waive indictment and plead guilty at arraignment to a one-count Information to be filed in the United States District Court for the District of Columbia.

3. As used in this Agreement, except as further defined below, the term "Japan to the United States air freight forwarding services" means the following services and activities:

(a) receiving and consolidating cargo destined for air shipment from Japan to the United States;

(b) arranging for, but not providing transportation of, cargo shipped by air from Japan to the United States, as well as incidental services, such as ground transportation services to a Japanese airport and warehousing prior to shipment by air from Japan to the United States;

(c) contracting with air carriers for the shipment of air cargo from Japan to the United States; and

(d) preparing documents to accompany air cargo shipments from Japan to the United States.

The term "Japan to United States air freight forwarding services," as used herein, does not include ocean or ground freight forwarding services that are not incidental to an air cargo shipment from Japan to the United States, or express delivery services.

4. The Information charges Defendant with participating in a combination and conspiracy among major Japan-based providers of Japan to U.S. air freight forwarding services to suppress and eliminate competition by fixing certain components of freight forwarding service fees charged to customers for services provided in connection with certain air freight forwarding shipments of air cargo from Japan to the United States, beginning in or about September 2002 and continuing until in or about November 2007, the exact dates being unknown to the United States, in violation of Section One of the Sherman Antitrust Act (15 U.S.C. § 1) (hereinafter referred to as the "freight forwarding conspiracy").

5. Defendant, pursuant to the terms of this Plea Agreement, will plead guilty to the criminal charge described in Paragraph 4 above and will make a factual admission of guilt to the

Court in accordance with Fed. R. Crim. P. 11, as set forth in Paragraph 6 below.

**Factual Basis for Offenses Charged**

6. Had this case gone to trial, the United States would have presented evidence sufficient to prove the following facts against Defendant:

   (a) For purposes of this Plea Agreement, the "relevant period" for the freight forwarding conspiracy is that period from in or about September 2002 until in or about November 2007. During the relevant period, Defendant was a corporation organized and existing under the laws of Japan, with its principal place of business in Tokyo, Japan, and employed more than 200, but less than 1000, employees.

   (b) During the relevant period, Defendant provided Japan to U.S. air freight forwarding services for cargo being shipped by air from Japan to the United States. For its Japan to U.S. air freight forwarding services, Defendant charged rates comprised of air freight charges and various surcharges and fees, such as fuel surcharges and security fees. The surcharges and fees charged by Defendant and its co-conspirators in Japan are collectively referred to herein as the "Freight Forwarding Service Fees."

   (c) During the relevant period, Defendant, through its officers and employees, including high-level personnel, participated in the freight forwarding conspiracy described in Paragraph 4 above. Defendant, through its officers and employees, engaged in discussions and attended meetings with representatives of other major Japan-based providers of Japan to U.S. air freight forwarding services. During those discussions and meetings, Defendant and other Japan-based air freight

4

      forwarders agreed to fix certain components of the Freight Forwarding Service Fees to be charged to purchasers of air freight forwarding services for air cargo shipments from Japan to the United States.

(d) During the relevant period, Japan to U.S. air freight forwarding services were provided by one or more of the Japan-based conspirators in a continuous and uninterrupted flow of interstate and foreign commerce into the United States. In addition, certain air cargo shipments handled by one or more of the Japan-based conspirators, and aircraft necessary to transport the air cargo shipments, as well as payments received for providing freight forwarding services for those air cargo shipments, including Freight Forwarding Service Fees, traveled in interstate and foreign trade and commerce. The business activities of the Japan-based conspirators in connection with the sale of Japan to U.S. air freight forwarding services that were the subject of this conspiracy were within the flow of, and substantially affected, interstate and foreign trade and commerce.

(e) Acts in furtherance of this conspiracy were carried out within the five years (5) preceding the filing of this Plea Agreement.

### Possible Maximum Sentence

7. Defendant understands that the statutory maximum penalty which may be imposed against it upon conviction for a violation of Section One of the Sherman Antitrust Act is a fine in an amount equal to the greatest of:

(a) $100 million (15 U.S.C. § 1);

(b) twice the gross pecuniary gain the conspirators derived from the crime (18 U.S.C. § 3571(c) and (d)); or

    (c) twice the gross pecuniary loss caused to the victims of the crime by the conspirators (18 U.S.C. § 3571(c) and (d)).

8. In addition, Defendant understands that:

    (a) pursuant to 18 U.S.C. § 3561(c)(1), the Court may impose a term of probation of at least one (1) year, but not more than five (5) years;

    (b) pursuant to §8B1.1 of the United States Sentencing Guidelines ("U.S.S.G.," "Sentencing Guidelines," or "Guidelines") and 18 U.S.C. §§ 3563(b)(2) and 3663(a)(3), the Court may order it to pay restitution to the victims of the offense; and

    (c) pursuant to 18 U.S.C. § 3013(a)(2)(B), the Court is required to order Defendant to pay a $400 special assessment upon conviction for the charged crime.

### Sentencing Guidelines

9. Defendant understands that the Sentencing Guidelines are advisory, not mandatory, but that the Court must consider the Guidelines in effect on the day of sentencing, along with the other factors set forth in 18 U.S.C. § 3553(a), in determining and imposing sentence. Defendant understands that the Guidelines determinations will be made by the Court by a preponderance-of-the-evidence standard. Defendant understands that although the Court is not ultimately bound to impose a sentence within the applicable Guidelines range, its sentence must be reasonable based upon consideration of all relevant sentencing factors set forth in 18 U.S.C. § 3553(a).

### Sentencing Agreement

10. Pursuant to Fed. R. Crim. P. 11(c)(1)(C), the United States and Defendant agree that the appropriate disposition of this case is, and agree to recommend jointly that the Court impose, a sentence requiring Defendant to pay to the United States a criminal fine of $2,326,774.00

payable in full before the thirtieth (30th) day after the date of judgment ("the Recommended Sentence"). The parties agree that there exists no aggravating or mitigating circumstance of a kind, or to a degree, not adequately taken into consideration by the United States Sentencing Commission in formulating the Sentencing Guidelines justifying a departure pursuant to U.S.S.G. §5K2.0. The parties agree not to seek or support any sentence outside of the Guidelines range nor any Guidelines adjustment for any reason that is not set forth in this Plea Agreement.

The parties further agree that the Recommended Sentence set forth in this Plea Agreement is reasonable.

(a) Defendant understands that the Court will order it to pay a $400 special assessment per count, pursuant to 18 U.S.C. § 3013(a)(2)(B), in addition to any fine imposed.

(b) The United States and Defendant will jointly recommend that no term of probation be imposed, but Defendant understands that the Court's denial of this request will not void this Plea Agreement.

(c) The United States and Defendant jointly submit that this Plea Agreement, together with the record that will be created by the United States and Defendant at the plea and sentencing hearings, and the further disclosure described in Paragraph 11 below, will provide sufficient information concerning Defendant, the crime charged in this case, and Defendant's role in the crime, to enable the meaningful exercise of sentencing authority by the Court under 18 U.S.C. § 3553. The United States and Defendant agree to request jointly that the Court accept Defendant's guilty plea and impose sentence on an expedited schedule as early as the date of arraignment, based upon the record provided by Defendant and the United States,

under the provisions of Fed. R. Crim. P. 32(c)(1)(A)(ii) and U.S.S.G. §6A1.1. The Court's denial of the request to impose sentence on an expedited schedule will not void this Plea Agreement.

11. Subject to the full, truthful, and continuing cooperation of Defendant described in Paragraph 14 of this Plea Agreement, and before sentencing in the case, the United States will fully advise the Court and the Probation Office of the fact, manner, and extent of Defendant's cooperation and commitment to prospective cooperation with the United States' investigation and prosecutions, all material facts relating to Defendant's involvement in the charged offense, and all other relevant conduct.

12. The United States and Defendant understand that the Court retains complete discretion to accept or reject the Recommended Sentence provided for in Paragraph 10 of this Plea Agreement.

> (a) If the Court does not accept the Recommended Sentence, the United States and Defendant agree that this Plea Agreement, except for Paragraph 12(b) below, shall be rendered void.
>
> (b) If the Court does not accept the Recommended Sentence, Defendant will be free to withdraw its guilty plea (Fed. R. Crim. P. 11(c)(5) and (d)). If Defendant withdraws its plea of guilty, this Plea Agreement, the guilty plea, and any statement made in the course of any proceedings under Fed. R. Crim. P. 11 regarding the guilty plea, this Plea Agreement, or made in the course of plea discussions with an attorney for the government, shall not be admissible against Defendant in any criminal or civil proceeding, except as otherwise provided in Federal Rule of Evidence 410 ("Fed. R. Evid."). In addition, Defendant agrees

that, if it withdraws its guilty plea pursuant to this subparagraph of the Plea Agreement, the statute of limitations period for any offense referred to in Paragraph 16 of this Plea Agreement shall be tolled for the period between the date of the signing of the Plea Agreement and the date Defendant withdrew its guilty plea or for a period of sixty (60) days after the date of the signing of the Plea Agreement, whichever period is greater.

13. In light of pending civil lawsuits filed against Defendant, which potentially provide for a recovery of a multiple of actual damages, the United States agrees that it will not seek restitution for the offense charged in the Information.

### Defendant's Cooperation

14. Defendant, Yamato Global Logistics Japan Co., Ltd., its subsidiaries, its predecessors, and Yamato Transport USA Inc. (collectively, "related entities"), will cooperate fully and truthfully with the United States in the prosecution of this case, the conduct of the current federal investigation of violations of federal antitrust and related criminal laws involving the sale of Japan to U.S. air freight forwarding services, any other federal investigation resulting therefrom, and any litigation or other proceedings arising or resulting from any such investigation to which the United States is a party (together "Federal Proceeding"). The full, truthful, and continuing cooperation of Defendant shall include, but not be limited to:

    (a) producing to the United States all non-privileged documents, information, and other materials wherever located (and with translations into English), in the possession, custody, or control of Defendant, requested by the United States in connection with any Federal Proceeding; and

(b) using its best efforts to secure the full, truthful, and continuing cooperation, as defined in Paragraph 15 of this Plea Agreement, of the current directors, officers, and employees of Defendant, as well as former directors, officers, and employees of Defendant whose whereabouts are known to Defendant, as may be requested by the United States, but excluding Rikio Nakamura, including making these persons available in the United States and at other mutually agreed-upon locations, at Defendant's expense, for interviews and the provision of testimony in grand jury, trial, and other judicial proceedings in connection with any Federal Proceeding.

15. The full, truthful, and continuing cooperation of each person described in Paragraph 14(b) above will be subject to the procedures and protections of this paragraph, and shall include, but not be limited to:

(a) producing in the United States, and at other mutually agreed-upon locations, all non-privileged documents, including claimed personal documents, and other materials, wherever located (and with translations into English), requested by attorneys and agents of the United States in connection with any Federal Proceeding;

(b) making himself or herself available for interviews in the United States and at other mutually agreed-upon locations, not at the expense of the United States, upon the request of attorneys and agents of the United States in connection with any Federal Proceeding;

(c) responding fully and truthfully to all inquiries of the United States in connection with any Federal Proceeding, without falsely implicating any person or

intentionally withholding any information, subject to the penalties of making false statements (18 U.S.C. § 1001) and obstruction of justice (18 U.S.C. § 1503, *et seq.*);

(d) otherwise voluntarily providing the United States with any non-privileged material or information not requested in (a) - (c) of this paragraph that he or she may have that is related to any Federal Proceeding;

(e) when called upon to do so by the United States in connection with any Federal Proceeding, testifying in grand jury, trial, and other judicial proceedings in the United States fully, truthfully, and under oath, subject to the penalties of perjury (18 U.S.C. § 1621), making false statements or declarations in grand jury or court proceedings (18 U.S.C. § 1623), contempt (18 U.S.C. §§ 401-402), and obstruction of justice (18 U.S.C. § 1503, *et seq.*); and

(f) agreeing that, if the agreement not to prosecute him or her in this Plea Agreement is rendered void under Paragraph 17(c), the statute of limitations period for any Relevant Offense as defined in Paragraph 17(a) shall be tolled as to him or her for the period between the date of the signing of this Plea Agreement and six (6) months after the date that the United States gave notice of its intent to void its obligations to that person under the Plea Agreement.

## Government's Agreement

16. Upon acceptance of the guilty plea called for by this Plea Agreement and the imposition of the Recommended Sentence, and subject to the cooperation requirements of Paragraph 14 of this Plea Agreement, the United States agrees that it will not bring further criminal charges against Defendant or its related entities for any act or offense committed before

the date of this Plea Agreement that was undertaken in furtherance of an antitrust conspiracy involving the sale of Japan to U.S. air freight forwarding services or undertaken in connection with any investigation of such a conspiracy. The non-prosecution terms of this paragraph do not apply to civil matters of any kind, to any violation of federal tax or securities laws, or to any crime of violence.

17. The United States agrees to the following:

   (a) Upon the Court's acceptance of the guilty plea called for by this Plea Agreement and the imposition of the Recommended Sentence, and subject to the exceptions noted in Paragraph 17(c), the United States will not bring criminal charges against any current or former director, officer, or employee of Defendant or its related entities for any act or offense committed before the date of this Plea Agreement and while that person was acting as a director, officer, or employee of Defendant or its related entities that was undertaken in furtherance of an antitrust conspiracy involving the sale of Japan to U.S. air freight forwarding services or undertaken in connection with any investigation of such a conspiracy ("Relevant Offense"), with the exception that the protections granted in this paragraph shall not apply to Rikio Nakamura;

   (b) Should the United States determine that any current or former director, officer, or employee of Defendant or its related entities may have information relevant to any Federal Proceeding, the United States may request that person's cooperation under the terms of this Plea Agreement by written request delivered to counsel for the individual (with a copy to the undersigned counsel for Defendant) or, if the

individual is not known by the United States to be represented, to the undersigned counsel for Defendant;

(c) If any person requested to provide cooperation under Paragraph 17(b) fails to comply with his or her obligations under Paragraph 15, then the terms of this Plea Agreement as they pertain to that person, including the terms of this Plea Agreement not to prosecute that person, shall be rendered void;

(d) Except as provided in Paragraph 17(e), information provided by a person described in Paragraph 17(b) to the United States under the terms of this Plea Agreement pertaining to any Relevant Offense, or any information directly or indirectly derived from that information, may not be used against that person in a criminal case, except in a prosecution for perjury (18 U.S.C. § 1621), making a false statement or declaration (18 U.S.C. §§ 1001, 1623), or obstruction of justice (18 U.S.C. § 1503, *et seq.*);

(e) If any person who provides information to the United States under this Plea Agreement fails to comply fully with his or her obligations under Paragraph 15 of this Plea Agreement, the agreement in Paragraph 17(d) not to use that information or any information directly or indirectly derived from it against that person in a criminal case shall be rendered void;

(f) The non-prosecution terms of this paragraph do not apply to civil matters of any kind, to any violation of federal tax or securities laws, or to any crime of violence; and

(g) Documents provided under Paragraphs 14(a) and 15(a) shall be deemed responsive to outstanding grand jury subpoenas issued to Defendant.

18. The United States agrees that when any person travels to the United States for interviews, grand jury appearances, or court appearances pursuant to this Plea Agreement, or for meetings with counsel in preparation therefor, the United States will take no action, based upon any Relevant Offense, to subject such person to arrest, detention, or service of process, or to prevent such person from departing the United States. This paragraph does not apply to an individual's commission of perjury (18 U.S.C. § 1621), making false statements (18 U.S.C. § 1001), making false statements or declarations in grand jury or court proceedings (18 U.S.C. § 1623), obstruction of justice (18 U.S.C. § 1503, *et seq.*), or contempt (18 U.S.C. §§ 401-402) in connection with any testimony or information provided or requested in any Federal Proceeding.

19. Defendant understands that it may be subject to administrative action by federal or state agencies other than the United States Department of Justice, Antitrust Division, based upon the conviction resulting from this Plea Agreement, and that this Plea Agreement in no way controls whatever action, if any, other agencies may take. However, the United States agrees that, if requested, it will advise the appropriate officials of any governmental agency considering such administrative action of the fact, manner, and extent of the cooperation of Defendant and its related entities as a matter for that agency to consider before determining what administrative action, if any, to take.

### Representation by Counsel

20. Defendant has been represented by counsel and is fully satisfied that its attorneys have provided competent legal representation. Defendant has thoroughly reviewed this Plea Agreement and acknowledges that counsel has advised it of the nature of the charge, any possible defenses to the charge, and the nature and range of possible sentences.

**Voluntary Plea**

21. Defendant's decision to enter into this Plea Agreement and to tender a plea of guilty is freely and voluntarily made and is not the result of force, threats, assurances, promises, or representations other than the representations contained in this Plea Agreement. The United States has made no promises or representations to Defendant as to whether the Court will accept or reject the recommendations contained within this Plea Agreement.

**Violation of the Plea Agreement**

22. Defendant agrees that should the United States determine in good faith, during the period that any Federal Proceeding is pending, that Defendant or its related entities has failed to provide full and truthful cooperation, as described in Paragraph 14 of this Plea Agreement, or has otherwise violated any provision of this Plea Agreement, the United States will notify counsel for Defendant in writing by personal or overnight delivery or facsimile transmission and may also notify counsel by telephone of its intention to void any of its obligations under this Plea Agreement (except its obligations under this paragraph), and Defendant and its related entities shall be subject to prosecution for any federal crime of which the United States has knowledge including, but not limited to, the substantive offenses relating to the investigation resulting in this Plea Agreement. Defendant agrees that, in the event that the United States is released from its obligations under this Plea Agreement and brings criminal charges against Defendant or its related entities for any offense referred to in Paragraph 16 of this Plea Agreement, the statute of limitations period for such offense shall be tolled for the period between the date of the signing of this Plea Agreement and six (6) months after the date the United States gave notice of its intent to void its obligations under this Plea Agreement.

23. Defendant understands and agrees that in any further prosecution of it or its related entities resulting from the release of the United States from its obligations under this Plea Agreement, because of Defendants' or its related entities' violation of the Plea Agreement, any documents, statements, information, testimony, or evidence provided by Defendant, its related entities, or by any current or former directors, officers, or employees of them to attorneys or agents of the United States, federal grand juries, or courts, and any leads derived therefrom, may be used against Defendant or its related entities in any such further prosecution. In addition, Defendant unconditionally waives its right to challenge the use of such evidence in any such further prosecution, notwithstanding the protections of Fed. R. Evid. 410.

### Entirety of Agreement

24. This Plea Agreement constitutes the entire agreement between the United States and Defendant concerning the disposition of the criminal charge in this case. This Plea Agreement cannot be modified except in writing, signed by the United States and Defendant.

25. The undersigned are authorized to enter this Plea Agreement on behalf of Defendant as evidenced by the Resolution of the Board of Directors of Defendant attached to, and incorporated by reference in, this Plea Agreement.

26. The undersigned attorneys for the United States have been authorized by the Attorney General of the United States to enter this Plea Agreement on behalf of the United States.

27. A facsimile signature shall be deemed an original signature for the purpose of executing this Plea Agreement. Multiple signature pages are authorized for the purpose of executing this Plea Agreement.

BY: _____

Toru Hiyoshi
President and Chief Executive Officer
Yamato Global Logistics Japan Co., Ltd.

ON: _____

BY: _____

Hirotaka Uemura
General Manager
Yamato Global Logistics Japan Co., Ltd.

ON: 1-25-13

BY: _____

Barry A. Pupkin, Esq.
Christopher H. Gordon, Esq.
Squire Sanders (US) LLP
1200 19th Street, N.W.
Suite 3000
Washington, DC 20036
Tel. (202) 626-6600
Counsel for Yamato Global Logistics Japan Co., Ltd.

ON: 1-25-13

BY: _____

Richard A. Hellings, Jr.
Ryan Danks
Trial Attorneys
United States Department of Justice
Antitrust Division
450 Fifth Street, NW
Suite 11300
Washington, D.C. 20530
Tel.: (202) 305-0128

ON: 01/25/2013

17